Columbia, April, 1872.

HEARD APRIL TERM, 1872.

## HARRIS vs. STILWELL.

A Court of Ordinary has no jurisdiction to surcharge and falsify settled accounts. Where, therefore, legatees have a voluntary settlement with the administrator with the will annexed, they cannot impeach it, in the Court of Ordinary, on the ground of fraud or mistake.

Where an administrator with the will annexed has a final settlement with legatees, and then dies, a suit against his administrator, to impeach the settlement, on the ground of fraud or mistake, cannot be sustained by an administrator *de bonis non* of the testator, for the benefit of the legatees.

BEFORE JOHNSON, CH., AT YORK, JUNE, 1868.

James M. Harris died early in the year 1857, leaving a considerable estate and a last will and testament. The will was proved in the Court of Ordinary for the District (now County) of York, and letters of administration, with the will annexed, granted to F. H. Harris, a son of the testator.

On March 27, 1857, the administrator sold the whole personal estate on a credit of one year. On March 18, 1859, he made his first annual return to the Ordinary, in which he charged himself with the amount of the sale bill, $34,081.14, and interest, and on July 13, 1860, he made a second return.

By the provisions of the will the estate was distributable between eight legatees, of whom the administrator himself was one. On June 6, 1861, he made and filed in the office of the Ordinary a statement of the estate, showing the amount due to each legatee, and during the same month he made settlements, according to that statement, with six of the seven legatees, taking their receipts in full. The statement showed the seventh legatee was indebted to the administrator for purchases at the sale to more than the amount of his share.

F. H. Harris died intestate in the year 1866, and Alfred Stilwell and Martha Harris sued out letters of administration on his estate. H. C. Harris sued out letters of administration, *de bonis non, cum testamento annexo*, on the estate of the testator, and on May 8, 1867, he filed his petition in the Court of Ordinary against the administrators of F. H. Harris, wherein he alleged, specifically, a number of errors and mistakes in the settlement of June, 1861; that, in consequence thereof, there remained in the hands of F. H. Harris, as administrator, a large balance which was still due to the legatees of the testator, and prayed that the defendants may be required to ac-

count for the estate of the testator, left unadministered by F. H. Harris, and pay the same to the petitioner.

On May 20, 1867, the Ordinary made a decree, in which he found that a balance remained in the hands of F. H. Harris at the time of the settlement, amounting, with interest to the date of the decree, to $3,004.67, which he ordered the defendants to pay to the petitioner.

The defendants appealed to the Circuit Court of Equity, upon the grounds, *inter alia*, (1) that the petition was barred by the Statute of Limitations, and (2) that if there was error in the settlement, the legatees, and not an administrator *de bonis non* of the testator, are the parties to complain.

His Honor the Chancellor sustained the defense of the Statute of Limitations and reversed the decree.

The petitioner appealed.

*Clawson*, for appellant.

*Wilson*, contra.

Nov. 29, 1872. The opinion of the Court was delivered by

WILLARD, A. J. It will not be necessary to consider the question under the Statute of Limitations, upon which the case turned below, as a conclusive objection to the decree of the Ordinary underlies that question. The true question in the case is, whether the Ordinary, in the final accounting of the administrator, is bound by a settlement made between the administrator and the distributees, or whether such a settlement having been made, it may be impeached before the Ordinary, on the ground of fraud or mistake, so as to open the whole accounting thus closed by the voluntary act of the parties.

The right to open a settled account forms a distinct branch of the jurisdiction of the Courts of Equity.—*McDow* vs. *Brown*, 2 S. C., 95. Where parties having a right to call an administrator to an account voluntarily close the account, by a settlement, the right to an accounting is gone, and can only be restored through the intervention of a Court administering equity. The right and jurisdiction of the Ordinary to take and state the accounts of an executor or administrator does not, necessarily or properly extend to reviving a liability to account that has been lost by the act of

the parties, for the object of the jurisdiction of that officer is to accomplish precisely what the parties themselves have done. If they seek to get rid of the consequences of mistake or imposition, they must go into equity and obtain the right to falsify or surcharge the account.

The account acted upon by the Ordinary was clearly a settled account. The administrator had made a report purporting to embrace all the matters proper to a final accounting. The distributees, instead of disputing that return, and insisting on what might result from a final accounting, came to a final settlement on the basis of such return.

The Ordinary was, therefore, bound to settle the administrator's account in conformity with the settlement, unless prevented by proceedings in equity. His successor in office was under like obligation.

But, even had the distributees a right to open the account before the Ordinary, yet that would not confer on the successor of the administrator such a right for the benefit of the distributees. If the distributees had the right to open the account, it would be purely a personal right in themselves, as resulting from facts and circumstances attending their personal act of settlement, and as to such right the administrator and his successor have no right of representation under which they can initiate a proceeding to disturb the settlement.

The appeal should be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.